(635 P.2d 1263)

No. 52,551

DODGE CITY NATIONAL EDUCATION ASSOCIATION, *Appellee,* v. UNI-
FIED SCHOOL DISTRICT NO. 443, *Appellant.*
Petition for review denied December 21, 1981.

Opinion filed November 13, 1981.

*Ken W. Strobel,* of Williams, Larson, Voss, Strobel & Estes, of Dodge City, for appellant.

*David L. Patton,* of Patton & Kerbs, of Dodge City, for appellee.

Before JUSTICE MILLER, presiding, REES, J., and STEVEN P. FLOOD, District Judge, assigned.

MILLER, J.: This case involves a dispute between the Dodge City National Education Association (NEA) and the Board of Education of Unified School District No. 443, Dodge City, Kansas (the Board). NEA is the exclusive representative of the professional employees of the Board.

A single issue is presented: After a negotiated agreement has been reached between an organization representing professional employees and a board of education, pursuant to K.S.A. 72-5413 *et seq.,* then during the time that agreement is in force, may the board unilaterally make changes in items which are "mandatorily negotiable" but which were not noticed for negotiation by either party and which were neither discussed during negotiations nor included within the resulting agreement?

NEA and the Board entered into professional negotiations for the school year 1980-1981, and on June 4, 1980, they reached an agreement which was subsequently ratified by the Board and the professional employee members of NEA. For many years prior to and during those negotiations, six class periods were held daily at Dodge City Junior High, and each teacher was required to teach five class periods. Although there had been some discussion of a seven-class-period day at junior high staff meetings and by the Board during the preceding year, neither the Board nor the NEA

gave written notice of its intent to negotiate the number of teaching periods, and no negotiations of that item took place during the negotiating sessions which concluded on June 4. Neither the agreement, nor individual teachers' contracts which incorporate it by reference, make mention of the number of teaching periods per day.

Shortly after the agreement was reached, the Board issued an administrative order increasing to seven the number of daily class periods at Dodge City Junior High. While this will require each teacher to teach only a few additional minutes each day, its primary impact on the teachers is that it will require each teacher to teach, and to prepare for, one additional class each day.

NEA challenged the Board's action by filing this suit in the district court of Ford County. The matter was submitted upon stipulated facts, and the trial court held that since the number of teaching periods is a mandatorily negotiable item, the Board has no authority to unilaterally change the number of teaching periods without first submitting the proposed change to negotiations pursuant to K.S.A. 72-5423. We agree.

The Supreme Court, in *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 570, 593 P.2d 406 (1979), held that the number of teaching periods is mandatorily negotiable under K.S.A. 72-5413 (*l*), since it is included in the statutory item, "hours and amounts of work."

In *Riley County Education Ass'n v. U.S.D. No. 378,* 225 Kan. 385, 592 P.2d 87 (1979), the court held that after good faith negotiations have terminated *unsuccessfully,* a school board may issue unilateral contracts for the next school year containing an item not noticed for negotiation. Here we are faced with the reverse of that situation. The negotiations here were *successful,* and a negotiated contract resulted. Thereafter, the Board, by unilateral action, effected a change in a mandatorily negotiable item which had not been noticed or negotiated. This we hold it cannot do. If the Board's position were sustained, then every year NEA would be required to notice for negotiation all mandatorily negotiable items—even though no change in past procedure is anticipated or desired—in order that the Board might not thereafter make unilateral changes. This would lengthen the negotiation process and undermine one principal purpose of the act—to designate and negotiate those items which either party desires to

change. K.S.A. 72-5423 provides in substance that notices to negotiate may include new items or items which amend an existing contract. The number of class periods was not negotiated, and is not included in the negotiated agreement. It is therefore a "new item," and since it is one which is mandatorily negotiable, must be noticed and negotiated before change.

We conclude that the trial court was correct in its determination of this issue.

Finally, the Board contends that the individual teacher contracts permit such action, since the contracts provide that the teacher:

"[I]s to teach, govern, and conduct the classes assigned and conform to the Rules and Regulations and Policies of the Board of Education."

The answer to this is that the negotiated agreement is a part of the individual teacher contracts, and no change in the number of teaching periods is there authorized. If the Board wishes to change its established practice in this mandatorily negotiable area, it must first notice the item for negotiation, as provided by statute.

The judgment is affirmed.