**MANDAN EDUCATION ASSOCIATION, Plaintiff and Appellant,**

v.

**MANDAN PUBLIC SCHOOL DISTRICT NO. 1, a public corporation, Defendant and Appellee.**

Civ. No. 870343.

Supreme Court of North Dakota.

July 19, 1988.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Charles L. Chapman.

Pearce & Durick, Bismarck, for defendant and appellee; argued by Gary R. Thune.

MESCHKE, Justice.

The Mandan Education Association appealed from a judgment dismissing its complaint for declaratory and injunctive relief against the Mandan Public School District. We affirm.

Before the 1987–88 school term, a standard day for a full-time teacher at the District high school consisted of no more than five class periods of 55 minutes each and additional compensation was paid for teaching a sixth class period. This was a recognized practice for a number of years. On April 13, 1987, the District School Board unilaterally set a daily teaching schedule of six class periods of 47 minutes each for the 1987–88 school year without additional compensation for the sixth period.

The Association sued for a declaration that the District could not make the change without first negotiating in good faith and to enjoin implementation of the change. The trial court concluded that this matter was not a part of the negotiated master contract between the District and the Association, held that the District could unilaterally make the change, and dismissed the Association's complaint.

The Association contends that the master contract with the District expressly fixed a standard teaching day of five class periods. We disagree. The only reference to number of class periods in the negotiated master agreement is in paragraph XVII:

"3. The School Board agrees to pay all part-time certified teaching personnel equitably for classroom and prep time based on pro-rated time employed at that school.

"A. Any certified teaching personnel currently employed by Mandan Public School District #1 for school year 1983–84, who are shared by junior and senior high schools, shall be considered as full-time employees as long as they work 6 combined assignments. *In addition, 6 combined assignments is defined as 5 classroom and 1 prep period.*" [Emphasis added.]

The trial court concluded that this provision unambiguously deals only with equitable

pay for part-time teachers and classification of "shared" teachers and that it does not fix class periods for a standard teaching day. We see no error in the trial court's interpretation of that paragraph.

The District contends that it was entitled to unilaterally change the practice on class periods and additional compensation, pursuant to paragraph I. 4. of the master contract, because these matters were not covered by the negotiated agreement:

> "All terms and conditions of employment not covered by this agreement shall continue to be subject to the Board's exclusive direction and control and shall not be the subject of negotiations during the term of this agreement." Master Contract, ¶ I. 4.

We agree with the District's reading of this unambiguous provision. It resolves the issue before us. The negotiated agreement does not spell out the number of class periods in a standard teaching day or the providing of additional compensation for teaching a sixth daily class period. Under the agreement, "*all* terms and conditions ... not covered" in it are left to the exclusive direction and control of the District. Consequently, the District did not violate its contract by making unilateral changes on matters not set out in the agreement.

Section 15–38.1–12, N.D.C.C., requires the Association and the District to negotiate in good faith about the terms and conditions of employment. If the negotiated agreement did not contain paragraph I. 4., or an equivalent, this would be a different case, and, prior to making changes affecting established practices involving mandatory negotiable employment terms such as "salary" and "hours," the District would be required to negotiate in good faith. *See Fargo Educ. Ass'n v. Fargo Pub. School Dist.,* 291 N.W.2d 267 (N.D.1980). *See also Dodge City Nat'l Educ. Ass'n v. Unified School Dist. No. 443,* 6 Kan.App.2d 810, 635 P.2d 1263 (1981), confirmed by the Kansas Supreme Court in *Nat'l Educ. Ass'n–Wichita v. Unified School Dist. No. 259,* 234 Kan. 512, 674 P.2d 478 (1983).

But, this negotiated agreement says "all terms and conditions ... not covered ... shall not be the subject of negotiations" while this agreement is in effect.

We hold that under the terms of the current negotiated agreement, specifically paragraph I. 4., the District did not act improperly in changing to an uncompensated sixth class period without first negotiating. Accordingly, we affirm the judgment of dismissal.

ERICKSTAD, C.J., and LEVINE, GIERKE and VANDE WALLE, JJ., concur.